846 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ANTON LEASING, INC., a Maryland Corporation, Plaintiff-Appellee,
and
Phanton Leasing, Inc., Plaintiff,
v.
Richard ENGRAM, Jr., an individual and resident of West
Virginia, Defendant- Appellant.
 No. 87-1072.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 23, 1987.
Decided April 14, 1988.
 
 Richard Engram, appellant pro se.
 Norris Kantor, Katz, Kantor & Perkins, and Stanley P. Klein, Klein & Greenspun, for appellees.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Engram, Jr., was sued by Anton Leasing Corporation when a dispute arose between them over who was responsible for the repairs of serious engine malfunctioning in a car Engram leased from Anton. Engram is a resident of West Virginia and Anton is a Maryland Corporation.
 
 
 2
 Anton sued Engram in the Circuit Court of Montgomery County, Maryland. Engram, acting pro se,* filed a petition for removal in the Southern District of West Virginia at Bluefield. The amount in controversy was $16,183.
 
 
 3
 Anton moved for a remand because the case was removed to the wrong district. According to 28 U.S.C. Sec. 1446(a), a case can only be removed to the district court that sits where the state action is pending. Anton alleged that the proper court would be the District Court of Maryland at Baltimore. In addition, Anton requested costs and fees.
 
 
 4
 Engram failed to respond to this motion, and the district court granted Anton's motion to remand and dismissed the case from the docket. The court awarded no costs or fees.
 
 
 5
 Engram filed a motion to alter, modify, or amend the judgment order within ten days of entry of judgment. Citing 28 U.S.C. Sec. 1631, entitled "Transfer to cure want of jurisdiction," Engram requested the district court to transfer his action to the proper forum.
 
 
 6
 Anton then submitted an affidavit and a memorandum in opposition to Engram's motion to transfer in which Anton requested $1,006.20 for costs pursuant to 28 U.S.C. Secs. 1447(c) and 1446(d).
 
 
 7
 The court denied Engram's motion stating that it was without any legal basis and awarded $1,006.20 to Anton pursuant to 28 U.S.C. Sec. 1447(c). Engram filed this appeal and a request for a stay.
 
 
 8
 The district court's order remanding the case to state court pursuant to the removal statute is nonappealable. 28 U.S.C. Sec. 1447(d); see also Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (1977). In addition, once the initial remand order was entered, the district court lacked jurisdiction to entertain a motion to transfer the case. See, e.g., Pelleport Investors, Inc. v. Budco Quality Theaters, Inc., 741 F.2d 273, 279 n. 3 (9th Cir.1984) (remand order ends federal court's jurisdiction; thus, district court's refusal to address motion to transfer was proper); Three J. Farms, Inc. v. Alton Box Board Co., 609 F.2d 112, 115-16 (4th Cir.1979), cert. denied, 445 U.S. 911 (1980).
 
 
 9
 While the district court was without jurisdiction to rule on the transfer motion, we find that the court had jurisdiction to review the request for just costs and that that part of the order is appealable. See, e.g., News-Texan, Inc. v. City of Garland, Texas, 814 F.2d 216, 220 (5th Cir.1987) (while review of remand order was shielded from review, issue of sanctions was not); see also Vatican Shrimp Co. v. Solis, 820 F.2d 674, 679-80 (5th Cir.1987) (where district court denied petition for removal, that court had authority to review motion for reconsideration of Rule 11 sanctions).
 
 
 10
 After a careful review of the record and the district court's orders, we affirm the order imposing attorneys' fees. Although Sec. 1447(c) itself conveys no power on the district courts to award attorneys' fees, we recently determined in ITT Industrial Credit that a district court does not err in awarding attorneys' fees when a removal petition is so patently without merit that the "inescapable conclusion" is that it was filed in bad faith. ITT Indus. Credit Co. v. Durango Crushers, Inc., 832 F.2d 307, 308 (4th Cir.1987) (citing Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir.1977)).
 
 
 11
 Defendant in this case, a licensed attorney, attempted to remove an action from the state courts of Maryland to a federal district court in West Virginia despite the removal statute's clear statement that an action may be removed only to the district in which it is pending. He then failed to respond to plaintiff's motion to remand, and did not seek to correct his error until he moved to transfer the case after the district court had dismissed it from its docket. This conduct comes within the standard set forth in ITT Industrial Credit.
 
 
 12
 Therefore, we affirm the award of $1,006.20. To the extent that Engram appeals the remand order or the denial of his transfer motion, his appeal is dismissed. Appellant's request for a stay is denied. As the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 13
 DISMISSED IN PART; AFFIRMED IN PART.
 
 
 
 *
 Engram is a licensed attorney in the State of West Virginia