898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Frank HULEN; Wilma Lesnansky, Defendants-Appellees.
 No. 89-6271.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1990.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges and AVERN COHN, District Judge*.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Earlene Polyak, a pro se Florida resident, appeals from the district court's orders directing the clerk of the district court not to file a complaint which she had submitted and also denying Polyak's motion for a writ of habeas corpus which she filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 4
 Polyak's complaint and habeas petition are further attempts to challenge the results of a Tennessee state court action which resulted in the partition sale of land which she and her siblings had inherited as tenants in common.
 
 
 5
 In her complaint, Polyak seeks to reopen, via Fed.R.Civ.P. 60, an earlier action against appellees, her siblings, which was the subject of a remand order by the district court in September 1987 due to lack of removal jurisdiction. See 28 U.S.C. Secs. 1446, 1447. Polyak now asserts that she has newly acquired evidence which mandates reopening of the case. Further, she claims that the sale of the land without her consent constitutes a denial of due process.
 
 
 6
 In addition, Polyak also seeks to reopen the case via a motion for a writ of habeas corpus. Polyak contends that the sale of her property is unconstitutional and that the Chancery Court of Lawrence County (Tennessee) is "holding" the order of sale in order to prevent her from entering an appeal or seeking redemption.
 
 
 7
 In accordance with its earlier order enjoining Polyak from filing further litigation regarding the state court action without the express permission of the court, the district court reviewed Polyak's complaint and denied permission to file it. The district court also reviewed and denied Polyak's habeas petition. Polyak has filed timely notices of appeal, challenging the district court's actions.
 
 
 8
 Upon review, we affirm the district court's actions because both the complaint and habeas petition present entirely frivolous issues.
 
 
 9
 First, this court has already approved the district court's practice of requiring a plaintiff to submit a complaint for court review before it can be filed. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order).
 
 
 10
 Second, Polyak cannot reinvest the district court with jurisdiction over a case pursuant to Rule 60(b) which was remanded to the state courts more than two years ago pursuant to 28 U.S.C. Secs. 1446, 1447. See Seedman v. United States Dist. Court for Cent. Dist. of California, 837 F.2d 413, 414 (9th Cir.1988) (per curiam) (a district court has no power to correct or vacate a remand order). See also, Federal Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir.1979) (per curiam) (once a district court has decided to remand a case pursuant to 28 U.S.C. Secs. 1447(c), (d) and has so notified the state court, the district court judge is without power to take any further action).
 
 
 11
 Third, Polyak cannot utilize her complaint to institute a new action pursuant to Rule 60, which does not contemplate the filing of an entirely new cause of action, rather than the setting aside of a final judgment or order for one of the enumerated reasons. See Fed.R.Civ.P. 60. Moreover, after reviewing Polyak's assertions of "newly discovered" evidence, we conclude that, since her complaint is a reiteration of previous events, it is insufficient to reopen the case. See McKnight v. United States Steel Corp., 726 F.2d 333, 336-37 (7th Cir.1984); Mastini v. American Tel. and Tel. Co., 369 F.2d 378, 379 (2d Cir.1966), cert. denied, 387 U.S. 933 (1967).
 
 
 12
 Finally, Polyak's reliance on a writ of habeas corpus to obtain the order of sale from the chancery court is misplaced. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Ward v. Knoblock, 738 F.2d 134, 138 (6th Cir.1984), cert. denied, 469 U.S. 1193 (1985).
 
 
 13
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation