**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-1611**

─────────

SHERRI A. TURNER; MICHELLE TURNER-GOLDSMITH,

        Plaintiffs - Appellants,

      v.

JP MORGAN CHASE BANK, N.A., Successor in Interest to Washington Mutual Bank, F.A.; HOWARD N. BIERMAN; JACOB GEESING; CARRIE M. WARD; RALPH DIPIETRO,

        Defendants - Appellees.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:12-cv-02895-GLR)

─────────

Submitted: September 30, 2013      Decided: October 18, 2013

─────────

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Sherri A. Turner; Michelle Turner-Goldsmith, Appellants Pro Se. John Sears Simcox, SIMCOX & BARCLAY, Annapolis, Maryland; Matthew Daniel Cohen, BIERMAN GEESING WARD & WOOD, LLC, Bethesda, Maryland, for Appellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherri A. Turner and Michelle Turner-Goldsmith (collectively "Turners") appeal the dismissal of their wrongful eviction claim against JP Morgan Chase Bank, N.A. ("Chase") and Howard N. Bierman, Jacob Geesing, Carrie Ward, and Ralph Dipietro (collectively "substitute trustees"). The Turners contend that the district court erred in denying their motion to remand the case to Maryland state court and in determining that their claim of wrongful eviction is time-barred. Finding no error, we affirm.

First, the Turners suggest that the district court incorrectly determined that the substitute trustees were fraudulently joined to defeat diversity jurisdiction. "We review de novo questions of subject matter jurisdiction, including those relating to the propriety of removal and fraudulent joinder." Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999) (internal quotation marks omitted). To properly establish diversity jurisdiction, a defendant seeking removal must show complete diversity among defendants and plaintiffs. Id. at 461. Accordingly, "it [is] difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit." Id.

A defendant may accomplish this feat, however, through the doctrine of fraudulent joinder, which allows "a district

2

court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id.

> [T]o establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Id. at 464 (internal quotation marks and citation omitted). This is a heavy burden, id., and a plaintiff's claim against a nondiverse defendant "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall v. Manville Sales Corp., 6 F.3d 229, 233 (4th Cir. 1993). Moreover, when considering the possibility of fraudulent joinder, a district court must resolve all legal and factual issues in the plaintiff's favor. Mayes, 198 F.3d at 464.

Despite this rigorous standard, we agree that the substitute trustees were fraudulently joined. Even assuming that the Turners were entitled to and did not receive notice of the relevant foreclosure proceedings, any claim against the substitute trustees arising from the lack of notice is clearly barred by the applicable three-year statute of limitations. Md. Code Ann., Real Prop. § 7-105(c)(6) (LexisNexis 2007); Hunter v.

3

Philip Morris USA, 582 F.3d 1039, 1045 (9th Cir. 2009); In re Briscoe, 448 F.3d 201, 219-20 (3d Cir. 2006).

Moreover, allegations of improper notice aside, it is clear that the substitute trustees cannot be held liable for the independent actions of third parties taken after the culmination of the foreclosure sale. That such actions were consummated through the same proceedings as the earlier foreclosure action is a product of Maryland procedure, not malfeasance or a breach of duty on the part of the substitute trustees. G.E. Capital Mortg. Servs., Inc. v. Edwards, 798 A.2d 1187, 1191-94 (Md. Ct. Spec. App. 2002). Accordingly, we conclude that the Turners' motion to remand was properly denied.

Turning to the grant of Chase's motion to dismiss, we review the district court's order de novo and "focus only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering a Fed. R. Civ. P. 12(b)(6) motion, the district court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal citation omitted).

4

Here, the Turners argue that the district court erred in finding their wrongful eviction claim against Chase time-barred under Maryland's three-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2013). We disagree.

"A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Id. Maryland follows the discovery rule, which provides that a "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." Poffenberger v. Risser, 431 A.2d 677, 680 (Md. 1981). In other words, the three-year limitations period begins to run when a plaintiff might "maintain his action to a successful result," which is determined by examining when the plaintiff knew or should have known of the facts underlying "the necessary elements of a cause of action." Shailendra Kumar, P.A. v. Dhanda, 43 A.3d 1029, 1035 (Md. 2012).

Maryland adheres strictly to this facts-based approach for determining when a claim accrues and consistently maintains that a party's knowledge of facts, not the party's unfettered ability to immediately press a viable claim, is the only trigger. See Moreland v. Aetna U.S. Healthcare, Inc., 831 A.2d 1091, 1095-97 (Md. Ct. Spec. App. 2003). In Maryland, statutes

5

of limitations "are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay." Adedje v. Westat, Inc., __, __, A.3d __, 2013 WL 4777328, at *17 (Md. 2013) (internal quotation marks omitted). Accordingly, we reject the Turners' contention that a favorable decision of the Maryland Special Court of Appeals began the running of the limitations period on their wrongful eviction claim. See Ali v. CIT Tech. Fin. Servs., Inc., 6 A.3d 890, 894-95 (Md. 2010) (explaining that tolling is method by which Maryland legislature has created flexibility in § 5-101's limitations period).

Moreover, although the Turners maintain at length on appeal that the district court should have found the limitations period tolled during the pendency of the somewhat circuitous state court proceedings that eventually led to their instant litigation, the Turners only raised such a suggestion in the district court for the first time in their Fed. R. Civ. P. 59(e) motion for reconsideration. Accordingly, we review the district court's rejection of the Turners' relevant arguments for an abuse of discretion. Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); United States v. Foreman, 369 F.3d 776, 784 n.8 (4th Cir. 2004).

To warrant relief under Rule 59(e), a movant must demonstrate "(1) an intervening change in the controlling law,

6

(2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson, 599 F.3d at 407. Because the Turners' motion for reconsideration did not meet this standard, we conclude the district court did not abuse its discretion in denying the motion.

We therefore affirm the denial of the Turners' motion for remand, the dismissal of the Turners' complaint, and the denial of the Turners' motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7