Reversed and remanded by published opinion. Judge FLOYD wrote the opinion, in which Judges NIEMEYER, KING, SHEDD, DUNCAN, and DIAZ joined. Judge WYNN wrote a separate opinion concurring in part and dissenting in part. Senior Judge DAVIS wrote a dissenting opinion.

ON REHEARING EN BANC

FLOYD, Circuit Judge:
This appeal involves the interplay between 28 U.S.C. § 1447(d), which prohibits federal courts from reviewing orders remanding cases to state court, and Federal Rules of Civil Procedure 11 and 60(b)(3), which provide means for federal courts to remedy and deter the perpetration of fraud on the courts. Despite strong evidence that the plaintiffs in these consolidated actions misrepresented their intent to pursue claims against certain defendants, the lower court found that § 1447(d) deprived it of jurisdiction to either impose certain sanctions under Rule 11 or afford relief under Rule 60(b)(3). Because we conclude that using these rules to safeguard the courts from fraud does not amount to the “review” proscribed by § 1447(d), we reverse.
I.
A.
This action arises from asbestos litigation brought by two individuals in Maryland state court. Plaintiffs Joyce Barlow and Clara Mosko separately sued Colgate-Palmolive Company — among numerous other companies[1] — and asserted that'each of the defendants’ products had at some point exposed them to asbestos. As to Colgate, Plaintiffs’ theory was that the company’s “Cashmere Bouquet” line of powder makeup products contained harmful levels of asbestos and had thereby contributed to Plaintiffs’ health problems.
Despite Plaintiffs’ joinder of in-state defendants, Colgate removed the two cases to federal court on the basis of diversity of citizenship — asserting fraudulent joinder of the in-state defendants, and alleging that Plaintiffs’ deposition testimony and interrogatory responses demonstrated that they did not intend to pursue a claim against any defendant other than Colgate, a diverse defendant.[2]
*1005 Plaintiffs’ counsel[3] then moved to remand the cases to state court, arguing that Plaintiffs had viable claims against the non-diverse defendants. In a motion for remand in Barlow’s case, counsel represented the following:
[TJhere is some circumstantial evidence to suggest Ms. Barlow could possibly have been exposed to asbestos-containing products while working at RMR Corporation.... The evidence is certainly circumstantial, but it cannot be said that there is no possibility that a claim could be successfully proven against any of the non-diverse defendants.
(J.A. 106.) In support, Barlow’s counsel cited Barlow’s statement to a physician on or about June 21, 2011, that she “may have been” exposed to asbestos while working the assembly lines of RMR Corporation.[4] (Id. at 96, 145.) Although Plaintiffs’ counsel admitted that the evidence of liability was hardly “unequivocal,” counsel maintained that Barlow’s testimony showed “that there is a possibility that Ms. Barlow could successfully pursue a claim against the non-diverse defendants.” (Id. at 114.)
Based on the above representations, the district court (Judge Nickerson) remanded Barlow’s case to state court. The district court relied solely on the claim that Barlow was exposed to asbestos at RMR Corporation: “Barlow argues that her joinder of the in-state defendants was not fraudulent be'eause there remains a possibility that she was exposed to asbestos while working at RMR Corporation.... As a result, the Court finds that joinder of the in-state defendants here was not fraudulent. ...” (Id. at 367-68.)
Similarly, in Mosko’s case, Plaintiffs’ counsel represented that she may have a viable claim against at least one of the non-diverse defendants:
[I]t was certainly plausible at the time [that Mosko] filed her Complaint that local defendants should be implicated.... In fact, Plaintiffs counsel do have some circumstantial evidence that Ms. Mosko may have been exposed to asbestos at the Department of Agricul-' ture in the form of invoices [from an instate defendant, Walter E. Campbell Co., Inc.].
*1006 (Id. at 247.) Based on the above representations,[5] the district court (Judge Quarles) found a possibility that Ms. Mosko could successfully pursue a claim against the non-diverse defendants and remanded Mosko’s case to state court. (Id. at 351-61.) In doing so, the district court relied solely on the claim that Mosko was exposed to asbestos at the Department of Agriculture (DOA) building: “Mosko has shown more than a ‘glimmer of hope’ of recovering against ... an in-state defendant ] for exposure during the renovations in the DOA building. Therefore, removal was improper.” (Id. at 358-59.)
B.
' Shortly after returning to state court, Plaintiffs filed a joint motion to consolidate them cases with two other asbestos-related cases.[6] Colgate opposed the motion, arguing that it could not receive a fair trial in a consolidated proceeding because the alleged sources of asbestos (other than Cashmere Bouquet) were too different among the cases. In a reply brief, Plaintiffs made the following statements, which contradict their representations to the federal district court judges:
[Plaintiffs] allege exposure to asbestos-containing Cashmere Bouquet powder products only and do not allege exposure to any other asbestos, asbestos-containing products or asbestos-containing dust in any other form.... Colgate attempts to highlight alleged differences in Plaintiffs’ worksites and occupations as well as their alleged exposures to [other] asbestos-containing products. However, neither Plaintiffs’ worksites nor their occupations are relevant to this consolidation review because each of the Plaintiffs were exposed, in their homes, to asbestos-containing Cashmere Bouquet only .... The occupations or work-sites of the Plaintiffs should not affect the consolidation of these cases for trial because not one of the Plaintiffs testified that they were exposed to asbestos as a result of their employment.... In short, there is absolutely no evidence to indicate or even suggest that the Plaintiffs were exposed to asbestos in any form other than Cashmere Bouquet.
(J.A. 474-76 (paragraph breaks omitted) (emphases added).)
At a hearing on Plaintiffs’ consolidation motion, the state court judge told Plaintiffs’ counsel, “I can’t believe you actually told Judge Nickerson and Judge Quarles one thing and tell me another.” (Id. at 494.) The judge then posed the following question to Plaintiffs’ counsel: “It is a one-defendant case, right?” Counsel answered, “Yes.” (Id.)
C.
After the post-remand hearing, Colgate moved in the district court for relief from Plaintiffs’ purported misrepresentations. Specifically, Colgate sought relief under Rule 11 of the Federal Rules of Civil Procedure and asked that the district court sanction Plaintiffs’ attorneys by imposing monetary penalties, referring them to the state bar, and awarding any other relief that the district court deemed appropriate. The nearly identical motions in Barlow’s and Mosko’s separate cases were consolidated before Judge Nickerson. A hearing was held on these motions, at which Plain *1007 tiffs’ counsel claimed that the statements made in federal court were “legal conclusiones]” and “legal argument[s],” not “factual contention[s]” subject to Rule 11 sanctions. {Id. at 1070-71.) Post-hearing, Colgate moved for relief under Rule 60(b)(3) as a supplement to its Rule 11 motions. In its- Rule 60(b)(3) motions, Colgate sought vacatur of the remand orders.
On June 26, 2013, Júdge Nickerson “denied” Colgate’s motions. (Id. at 1107, 1109.) Although the district court characterized the allegations in the motions as “substantial” and acknowledged that the different statements by Plaintiffs’ counsel “appear to be in sharp conflict,” the court concluded that 28 U.S.C. § 1447(d) deprived it of jurisdiction to vacate or strike its remand orders. (Id. at 1106, 1108.) The district court further stated that “[w]ere the Court to consider other possible sanctions, it would decline to impose them.” {Id.) It was “not convinced that counsel’s conduct is sanctionable” because the alleged misrepresentations were “attributable to different attorneys in markedly different litigation contexts.” (Id.) This appeal followed.[7]
II.
We review questions of law, including a lower court’s determination of its subject-matter jurisdiction, de novo. Trans Energy, Inc. v. EQT Prod. Co., 743 F.3d 895, 900 (4th Cir.2014); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir.2005). We review a district court’s decision on Rule 11 and Rule 60(b)(3) motions for an abuse of discretion. Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 150 (4th Cir.2002) (stating the standard of review for Rule 11 motions); Green v. Foley, 856 F.2d 660, 665 (4th Cir.1988) (stating the standard of review for Rule 60(b) motions).
III.
This appeal concerns whether a district court retains jurisdiction to issue sanctions under Rule 11 and to vacate a remand order under Rule 60(b)(3) following remand of the case to the state court. The propriety of such relief requires us to assess the interplay between these rules and 28 U.S.C. § 1447(d).
A.
The federal removal statute prohibits review of orders remanding removed cases:
An order remanding a ease to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [cases against federal officers] or 1443 [certain civil rights cases] of this title shall be reviewable by appeal or otherwise.
28 U.S.C. § 1447(d). This statute generally precludes review of a remand order if the remand is for lack of subject-matter jurisdiction or for defects in the removal procedure. Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229, 234, 127 S.Ct. 2411, 168 L.Ed.2d, 112 (2007). For example, a district court may not review-pursuant to a motion for reconsideration — an order remanding a case for lack of diversity jurisdiction, even in the face of evidence of fraudulent joinder. In re *1008 Lowe, 102 F.3d 731, 733-34 (4th Cir. order is 1996). Review is prohibited, moreover, “even if the remand ‘manifestly, inarguably erroneous.’ ” In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 582 (4th Cir.2006) (quoting Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1450 (4th Cir.1996) (Phillips, J., concurring)). This strict treatment serves the purposes of comity and judicial economy, as an action “must not ricochet back and forth depending upon the most recent determination of a federal court.” Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir.1979) (quoting In re La Providencia Dev. Corp., 406 F.2d 251, 252 (1st Cir.1969)).
This Circuit has recognized three exceptions to § 1447(d)’s limit on reviewing remand orders: (1) when the remand was not based on a determination either that the court lacked subject-matter jurisdiction or that there was a defect in the removal procedure; (2) when the review is of a “collateral decision that is [logically and factually] severable from the remand order” and that had a “conclusive effect upon the parties’ substantive rights”; and (3) when the district court exceeds the scope of its authority in issuing a remand order. In re Blackwater Sec. Consulting, LLC, 460 F.3d at 582-83, 586. None of these exceptions apply here. First, the remand orders were explicitly based on a determination that the district court lacked subject-matter jurisdiction. Second, the remand orders had no “conclusive effect” on the parties’ substantive rights. And third, no party contends that the district court exceeded its authority.
Nevertheless, as discussed below, the types of relief provided by Rule 11 and Rule 60(b)(3) do not involve “review” as proscribed by § 1447(d). Accordingly, Colgate’s motions never implicated § 1447(d) in the first instance.
B.
Rule 11(b) specifically authorizes courts to impose sanctions for misrepresentations. It requires attorneys to submit a filing in good faith and without knowledge of the falsity of its contents:
By presenting to the court a pleading, written motion, or other paper ... an attorney ... certifies that to the best of the person’s knowledge, information, and belief.... (1) it is not being presented for any improper purpose ... [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....
Fed.R.Civ.P. 11(b). If a court “determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation,” Fed.R.Civ.P. 11(c)(1), although the sanction “must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated,” Fed.R.Civ.P. 11(c)(4).
The Rule 11 jurisdictional issue before us involves two similar but distinct questions: (1) whether a district court retains jurisdiction to impose sanctions after remanding an action to state court and (2) whether an appeals court can review a district court’s determination regarding the imposition of sanctions in such' a circumstance. As set forth below, we answer both questions in the affirmative.
The Supreme Court itself has spoken on these issues. In Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 389-90, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the district court granted the defendants’ Rule 11 motion more than three years after the plaintiff had voluntarily dismissed the case. *1009 On appeal, the Supreme Court stated that “a voluntary dismissal does not expunge the Rule 11 violation,” and “a court must have the authority to consider whether there has been- a violation of [Rule 11] regardless of the dismissal of the underlying action.” Id. at 395, 110 S.Ct. 2447. The Court noted that “[i]t is well established that a federal court may consider collateral issues after an action is no longer pending” and that “[t]he filing of com-, plaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the' judicial system, subject to separate sanction.” Id. at 395, 398, 110 S.Ct. 2447.
Two years later the Court reached a similar conclusion in Willy v. Coastal Corp.:
[Although a] final determination of lack of subject-matter jurisdiction of a case in a federal court ... precludes further adjudication of it[,] ... such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction.
503 U.S. 131, 137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Citing Cooter & Gell, the Court reiterated that Rule 11 sanctions are “collateral to the merits” of an action and that “[t]he interest in having rules of procedure obeyed ... does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction.” Id. at 137, 139, 112 S.Ct. 1076. Several appeals courts have relied on Willy, along with Cooter & Gell, in holding that district courts maintain jurisdiction after remand to order Rule 11 sanctions. E.g., Bryant v. Britt, 420 F.3d 161, 164 (2d Cir.2005) (per curiam) (citing Willy, 503 U.S. at 137-38, 112 S.Ct. 1076); Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir.2000) (citing Willy, 503 U.S. at 139, 112 S.Ct. 1076).
This Court’s own caselaw is in accord. In Anton Leasing, Inc. v. Engram, the district court granted the plaintiffs motion to remand the case to state court for failure to remove the case to the proper venue. 846 F.2d 69, 1988 WL 33381, at *1 (4th Cir.1988) (per curiam) (unpublished table decision). Prior to the remand, the plaintiff requested costs and fees. Id'. The defendant “failed to respond to [the plaintiffs] motion, and the district court granted [the] motion to remand and dismissed the case from the docket. The court awarded no costs or fees.” Id.
Then — after, remand — the defendant filed a motion in the district court to transfer venue to cure his prior error. Id. The plaintiff opposed this motion and again requested attorney’s fees, which the district court awarded. Id. The defendant appealed. On appeal, this Court held that although “the district court was without jurisdiction to rule on the transfer motion, ... the court had jurisdiction to review the [post-remand] request for just costs and that that part of the order is appealable.” Id. (citing News-Texan, Inc. v. City of Garland, 814 F.2d 216, 220 (5th Cir.1987), and Vatican Shrimp Co. v. Solis, 820 F.2d 674, 679-80 (5th Cir.1987) (both Rule 11 cases)).
As these cases demonstrate — and as we reiterate here — district courts have jurisdiction to decide Rule 11 sanctions motions on the merits, even when they are filed after the underlying action is remanded to state court. It is unclear whether the district court in this case recognized as much.[8]
*1010 After declining to vacate the remand orders, the district court continued that it would deny relief “[w]ere the Court to consider other possible sanctions.” (J.A. 1106, 1108.) This statement implicitly acknowledges that the court was not making a determination on the merits in regard to sanctions other than vacatur, but the orders fail to explicitly state why. On one hand, it appears that the court thought that Colgate sought only vacatur. Thus, the district court would naturally treat its consideration of other sanctions as .only hypothetical — knowing that it would have jurisdiction to consider such sanctions if they were sought. On the other hand, one can construe the discussion as controlled by the district court’s determination in the directly preceding paragraph that it lacked jurisdiction to afford relief under § 1447(d). In other words, the court was opaquely saying that if it “were” to have jurisdiction to consider Rule 11 sanctions, it would decline to issue any.
Ultimately, however, why the district court denied other Rule 11 sanctions is not dispositive to this appeal’s outcome. Because we reverse the orders for erroneously holding that the court lacked jurisdiction to consider Rule 60(b)(3) motions, infra Part III.C, we simply remand the cases for reconsideration of Colgate’s motions in full and in light of this opinion, see infra Part IV.
C.
We further find that § 1447(d) does not limit a court’s authority to provide relief — in this case, through vacatur — from a fraudulently obtained remand order under Rule 60(b)(3). Critically, § 1447(d) prohibits “reviewing” an order, but it does not prohibit “vacating” an order as permitted by Rule 60(b)(3). This distinction is not merely semantic. Rather, as several fundamental tenets of statutory construction demonstrate, it is a distinction with an important difference. Felix Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L.Rev. 527, 546 (1947) (“Exactness in the use of words is the basis of all serious thinking.” (citation omitted)); Conn. Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (“[CJourts must presume that a legislature says in a statute what it means and means in a statute what it says there.”); Perrin v. United States, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979) (“[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning”).
Rule 60(b)(3) provides that a court “may relieve a party” from a “final judgment, order, or proceeding” for “fraud ..., misrepresentation, or misconduct by an opposing party.” Rather than assess the merits of a judgment or order, it focuses on the unfair means by which a judgment or order is procured. Schultz v. Butcher, 24 F.3d 626, 631 (4th Cir.1994); see also Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (distinguishing a Rule 60(b)(3) motion as not attacking “the substance of the federal court’s resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings”).
We conclude that Colgate seeks vacatur based on a collateral consideration — Colgate’s allegation that the remand orders *1011 were procured through attorney misconduct — rather than on the remands’ merits. In doing so, we adopt the Eleventh Circuit’s well-reasoned analysis in Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279 (11th Cir.1999). There, the Eleventh Circuit correctly recognized that vacatur of a remand order does not necessarily constitute a proscribed review of a remand decision. Id. at 1288. This is because vacatur may be available even when review (defined as “reconsideration; second view or examination; revision; consideration for purposes of correction”) is precluded: Id. (citing U.S. Bancorp Mortg. Co. v. Bonner Mall P’ship, 513 U.S. 18, 22-23, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), and Black’s Law Dictionary 1320 (6th ed.1990)). Thus, if a court vacates an order for “reasons that do not involve a reconsideration or examination of its merits,” then there is no review of the order, and a court does not run afoul of § 1447(d)’s prohibition on review. Id.; see also Tramonte v. Chrysler Corp., 136 F.3d 1025, 1028 (5th Cir.1998) (“[VJacatur of the remand order would ... not constitute a review of the merits of that order, prohibited by 28 U.S.C. § 1447(d).”).
Admittedly, three circuits — in unpublished opinions — have ruled that § 1447(d) deprives courts of jurisdiction to afford relief under Rule 60(b)(3).[9] Wachovia Mortg. FSB v. Marquez, 520 Fed.Appx. 783, 785 (11th Cir.2013) (per curiam); Ysais v. Ysais, 372 FedAppx. 843, 844 (10th Cir.2010); Lindo v. Westlake Dev. Co., 100 F.3d 963, 1996 WL 654413, at *1 (9th Cir.1996). None of these non-binding, unpublished opinions are persuasive, however. Simply put, those opinions — with minimal analysis and in the context of appeals brought by pro se litigants — failed to consider what relief under Rule 60(b)(3) can entail: vacatur based on a contaminated process, not review of a motion’s merits.[10] See Gonzalez, 545 U.S. at 532, 125 S.Ct. 2641; Schultz, 24 F.3d at 631.
Our prior decision in In re Lowe, 102 F.3d at 735, is similarly inapposite. In Lowe, the district court remanded the case due to lack of complete diversity between the parties, and the defendants moved for “reconsideration” — not vacatur — of the remand order. Id. at 732-33. The district court granted the motion, and the plaintiff petitioned this Court for a writ of manda *1012 mus. Id. at 733. This Court framed the “principal issue” in the appeal as “whether the district court exceeded its jurisdiction when it reconsidered its remand order.” Id. at 733-34 (emphasis added). This Court then determined that, “[ijndisputably, ‘otherwise’ in § 1447(d) includes reconsideration by the district court.” Id. at 734 (emphasis added).
Lowe is consistent with several factually similar cases (that is, cases in which a party asked for reconsideration of a remand order), all of which were correctly decided in view of § 1447(d)’s bar on “review.” See, e.g., Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir.2013) (“[W]e hold that we do not have jurisdiction to review an order denying a motion to reconsider a remand order.”); Harris v. Blue Cross/Blue Shield of Ala., Inc., 951 F.2d 325, 326, 330 (11th Cir.1992) (addressing the issue of “whether the district court had jurisdiction to ‘reconsider’ its order remanding the case to state court” and concluding that it did not).
The actions before the Court today, however, are not controlled by Lowe. Unlike in Lowe, Colgate requests vacatur, not reconsideration. And Unlike reconsideration, vacatur does not require reassessing the facts that were presented to the district court at the time the cases were removed. See Aquamar S.A., 179 F.3d at 1288; Tramonte, 136 F.3d at 1028. Again, Colgate only argues that Plaintiffs’ counsel misrepresented the actual facts of the case. Colgate therefore attacks the manner by which Plaintiffs secured the remand orders,'not the merits or correctness of the orders themselves.
In sum, nothing in the plain language of § 1447(d) or courts’ interpretation thereof bars vacatur of the district court’s remand orders if the court determines that such relief is warranted. Although reconsideration is a subspecies of review, see In re Lowe, 102 F.3d at 733-34, vacatur, without revisiting a prior order’s merits, is no such cousin or relative.
IV.
Because the district court had jurisdiction to consider Colgate’s motions, it should have resolved the motions on their merits. A cursory reading of the court’s orders, perhaps, suggests that it did just that.
In “den[ying]” Colgate’s motions,[11] the district court apparently determined — in a hypothetical context in which jurisdiction was assumed — that “it would decline [to vacate the remand orders and] to impose [other possible sanctions].” (J.A. 1106-09.) This purported determination was based on the court’s recognition that the statements at issue “are attributable to different attorneys in markedly different litigation contexts.” (Id. at 1106, 1108.) Thus, the court was “not convinced that counsel’s conduct is sanctionable.” (Id.) Given the district court’s misconception that it lacked jurisdiction to give full consideration to the merits of the Rule 60(b)(3) motions (and possibly the Rule 11 motions, supra Part III.B), we give no weight to the court’s supposed determination. Indeed, pursuant to our discussion supra Part III.B, it was mere dicta.
On remand, the district court is directed to make specific findings — supported -by cogent reasoning — on whether Plaintiffs engaged in misconduct while in federal court and whether Rule 11 relief is warranted. Given the district court’s familiarity with the issues and litigants, it is better *1013 situated than us “to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11.” Cooter & Gell, 496 U.S. at 402, 110 S.Ct. 2447. In making these determinations, the district court should provide more analysis than that included in the orders’ dicta, which would be too perfunctory to merit meaningful review. Cf. United States v. Engle, 592 F.3d 495, 503-04 (4th Cir.2010) (remanding a case for new sentencing because the district court failed to give an adequate explanation for its determination):
As with the Rule 11 motions, Colgate’s Rule 60(b)(3) motions require a showing of misconduct by the other party, among other things.[12] See Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir.1981). For the same reasons stated supra, the lower court, familiar with the facts and parties, is better suited to make this determination. Therefore, we remand the cases to the district court to decide Colgate’s Rule 60(b)(3) motions and whether -vacatur of the remand orders is warranted.
V.
The district court’s orders are reversed. The cases are remanded for the -district court to rule on Colgate’s Rule 11 and Rule 60(b)(3) motions on their merits.

REVERSED AND REMANDED

. Barlow named 23 defendants. (J.A. 47-53.) Mosko named 36 defendants. {Id. at 56-65.)

. A federal court has subject-matter jurisdiction to hear a case if (1) "the matter in controversy exceeds the sum or value of $75,000" and (2) there is complete diversity among defendants and plaintiffs. 28 U.S.C. § 1332(a); Turner v. IP Morgan Chase Bank, N.A., 543 Fed.Appx. 300, 301 (4th Cir.2013) (per curiam). If a case meets these conditions, but a plaintiff files suit in state court, defendants may remove a case to federal court. See 28 U.S.C. § 1446. "[I]t is difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit.” *1005 Turner, 543 Fed.Appx. at 301 (citation and brackets omitted). A defendant may accomplish this, however, through the doctrine of fraudulent joinder, which allows a district court to disregard the citizenship of certain nondiverse defendants and assume jurisdiction. Id. (citation omitted). '‘[T]o establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [A] that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [B] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.” Id. (citation omitted).

. We use "Plaintiffs’ counsel” to refer to both Barlow’s attorney and Mosko’s attorney because their attorneys are the same person, or at least hail from the same law firm. See Restatement (Third) of the Law — The Law Governing Lawyers § 14 cmt. h (2000) ("When a client retains a lawyer [who is part of a law firm], the lawyer’s firm assumes the authority and responsibility of representing that client, unless the circumstances indicate otherwise.”). Different attorneys from the Law Offices of Peter G. Angelos represented Barlow and Mosko at different stages of litigation: Jennifer Lilly signed Barlow’s and Mosko’s respective motions for remand in federal court, but Thomas Kelly signed Barlow and Mosko’s joint motion for consolidation of their cases into a trial group.

. Barlow later contradicted this statement at her deposition, where she admitted that she did not believe that she was “exposed to asbestos at any time as a result of [her] employment at RMR Corporation” and that the information she relayed to her physician was based on gossip, rumor, and hearsay. (J.A. 131, 133, 137'.)

. Plaintiffs'' counsel made these statements despite Mosko admitting at a deposition on May 29, 2012, that she did not believe that she was exposed to asbestos while working at the Department of Agriculture.

. The district court handed down remand orders in Mosko’s and Barlow’s cases on September 21, 2012, and November 1, 2012, respectively. The joint motion was filed eight days after the remand in Barlow’s case.

. The original panel consisted of Judge Davis, Judge Floyd, and Judge Cogburn, United States District Judge for the Western District of North. Carolina, sitting by designation. A majority affirmed the district court’s determination "insofar as it ruled that it lacked jurisdiction." Barlow v. Colgate Palmolive Co., 750 F.3d 437, 440 (4th Cir.2014). On June 5, 2014, the Court granted Colgate's petition for rehearing en banc.

. Although the district court’s reasoning in denying the motions is somewhat opaque, one aspect of the orders is clear: the district co.urt declined vacating the remand orders as a *1010 Rule 11 sanction. (J.A. 1106-09.) Indeed, there is no basis in using Rule 11 as a means to vacate a remand order and to return a case to federal court. Cf. Fed.R.Civ.P. 11(c)(4) (listing possible sanctions, none of which include striking an order); 5A Charles Alan Wright et al., Federal Practice and Procedure § 1336.3 (3d ed.2004) (discussing the variety of permitted nonmonetary sanctions under Rule 11).

. Besides these decisions from our sister circuits, two district courts have ruled on the issue, finding that they lacked jurisdiction to grant relief under Rule 60(b)(3) — determinations apparently influenced by the lack of binding precedent on this specific issue, in the face of a bounty of cases applying § 1447(d) in other contexts. See Omi's Custard Co. v. Relish This, LLC, No. 04-cv-861-DRH, 2006 WL 2460573, at *2-3 (S.D.Ill. Aug. 24, 2006) (noting the lack of precedent on the issue and concluding that relief is barred); Consol. Doors, Inc. v. Mid-America Door Co., 120 F.Supp.2d 759, 764-66 (E.D.Wis.2000) (declining "to adopt a novel interpretation” of Rule 60(b) in ruling on the party’s "motions for reconsideration” under subsections (2) and (3)).

. Although a handful of other appellate decisions have found that motions filed under different subsections of Rule 60(b) ask for impermissible review, those decisions are irrelevant here because their pertinent subsections do not focus on the means by which a remand order is obtained. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1202, 1204 (11th Cir.2011) (affirming the lower court’s denial of a Rule 60(b)(6) motion); Hood v. Allstate Ins. Co., 67 Fed.Appx. 248, 2003 WL 21145735, at *1-3 (5th Cir.2003) (per curiam) (dismissing an appeal of a denied motion to vacate under Rule 60(b)(4)); Lucisano v. Lucisano, 216 F.3d 1072, 2000 WL 777957, at *1 (2d Cir.2000) (dismissing an appeal of an order denying relief under an unspecified subsection of Rule 60(b)); Polyak v. Hulen, 898 F.2d 154, 1990 WL 29805, at *1 (6th Cir.1990) (finding that jurisdiction could not be "reinvest[ed]” in the district court under Rule 60(b)(2)).

. The court “denied” all of Colgate's motions, including the Rule 60(b)(3) motions that it technically should have “dismissed” based on the court’s determination that it lacked jurisdiction. (J.A. 1107, 1109.)

. One additional requirement is a showing that the movant had a '‘meritorious claim or defense.” Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir.1981). We acknowledge that courts most often use Rule 60(b)(3) to relieve a party of a determination on a case’s substantive grounds. Indeed, other circuits' standards for relief under Rule 60(b)(3) reflect such a focus by entailing an inquiry into the probable effect of misconduct on presenting one's "case” or proceeding at trial. See, e.g., State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir.2004) ("To prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.’ ” (citation omitted)); Venson v. Altamirano, 749 F.3d 641, 651 (7th Cir.2014) ("The party seeking relief pursuant to Rule 60(b)(3) must show that he had a meritorious claim that he could not fully and fairly present at trial due to his opponent’s fraud, misrepresentation, or misconduct.”); Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir.2005) ("[T]he challenged behavior must substantially have interfered with the aggrieved party’s ability fully and fairly to prepare for and proceed at trial.” (citation omitted)); Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir.2007) (“[T]he moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense.” (brackets and citation omitted)); In re Hope 7 Monroe St. Ltd. P’ship, 743 F.3d 867, 875 (D.C.Cir.2014) ("[T]he movant must show the misconduct was prejudicial, foreclosing the 'full and fair preparation or presentation of its case.’ ” (citation omitted)). Nowhere, however, do the Federal Rules of Civil Procedure or our precedent limit Rule 60(b)(3)’s applicability to judgments on a case's merits. Although we decline to explore the full breadth of Rule 60(b)(3), we simply note that it applies to the present situation, in which a party alleges that misconduct prevented it from fully and fairly presenting its "claim” of entitlement to a federal forum. Cf. Black's Law Dictionary 301 (10th ed.2014) (defining a "claim” as "[t]he assertion of an existing right”).