**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2176

TERESA Y. LEE-BAUTISTA; BRIAN M. HIRSH, ESQ., Respondent previous attorney of record; CRAIG E. WHITE, ESQ., Petitioner Attorney of Record; VIRGINIA DEPARTMENT OF SOCIAL SERVICES; LOUDOUN JD & R DISTRICT COURT; LOUDOUN COUNTY CIRCUIT COURT,

Plaintiffs – Appellees,

v.

JOHN J. BAUTISTA, JR., and in re: support and welfare of L.A.B. (daughter) and E.H.B. (son),

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.  (1:15-cv-00987-LO-JFA)

Submitted:  February 9, 2016        Decided:  February 17, 2016

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John J. Bautista, Jr., Appellant Pro Se. Scott D. Helsel, Michael Joseph Holleran, WALTON & ADAMS, PC, Reston, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John J. Bautista, Jr., appeals the district court's orders remanding this action to state court for lack of subject matter jurisdiction and dismissing a subsequent motion for reconsideration. We affirm.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. §] 1443 . . . shall be reviewable." 28 U.S.C. § 1447(d) (2012). The Supreme Court has construed § 1447(d) to insulate from appellate review those remand orders based on the grounds specified in § 1447(c): a defect in the removal procedure and a lack of subject matter jurisdiction. Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229-30 (2007). In this case, the district court concluded that it lacked subject matter jurisdiction over the complaint and that removal was untimely.

The district court correctly concluded that removal was not proper pursuant to 28 U.S.C. § 1443 because Bautista had neither alleged nor demonstrated that "the right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal quotation marks omitted). Accordingly, the district court's remand order is not subject to

2

appellate review.  Barlow v. Colgate Palmolive Co., 772 F.3d 1001, 1007-08 (4th Cir. 2014) (en banc).  Moreover, having determined that subject matter jurisdiction over the action was lacking, the district court was without jurisdiction to entertain Bautista's motion to reconsider.  In re Lowe, 102 F.3d 731, 734-36 (4th Cir. 1996).

Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED