**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-2060**

———————

FRANK MORGAN,

Plaintiff - Appellant,

v.

J. D. TINCHER, individually and in his official capacity; OFFICER KEVIN CONLEY, individually and in his official capacity,

Defendants - Appellees,

and

LOGAN COUNTY COMMISSION, A West Virginia county government; LOGAN COUNTY SHERIFF SONYA M. DINGESS-PORTER, individually and in her official capacity; DEPUTY BARRY MYNES, individually and in his official capacity; DEPUTY JOEY SHEPARD, individually and in his official capacity; DEPUTY NICK TUCKER, individually and in his official capacity; CITY OF LOGAN/CITY OF LOGAN POLICE DEPARTMENT, West Virginia municipal government/municipal governmental agency; CITY OF LOGAN POLICE P. D. CLEMENS, individually and in his official capacity; OFFICERS/DEPUTIES JOHN DOE, individually and in his official capacity,

Defendants.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, Chief District Judge. (2:18−cv−01450)

———————

Argued: October 24, 2023                    Decided: January 3, 2024

———————

Before THACKER and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Reversed, vacated, and remanded with instructions by published opinion. Senior Judge Keenan wrote the opinion, in which Judge Thacker and Judge Quattlebaum joined.

_____

**ARGUED:** Kerry Alexander Nessel, NESSEL LAW FIRM, Huntington, West Virginia, for Appellant. Drannon L. Adkins, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Charleston, West Virginia, for Appellees. **ON BRIEF:** Abraham J. Saad, GLAZER SAAD ANDERSON, Huntington, West Virginia, for Appellant. Wendy E. Greve, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Charleston, West Virginia, for Appellees.

_____

2

BARBARA MILANO KEENAN, Senior Circuit Judge:

The central issue in this appeal involves a discovery violation that was not revealed to the requesting party until near the end of trial. A jury found in favor of a police officer on allegations of excessive force and other claims. We consider whether the district court erred in denying the plaintiff's post-trial motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3), based on the officer's failure to disclose another, similar excessive-force lawsuit that had been filed against him.

Upon our review, we conclude that this discovery violation was misconduct under Rule 60(b)(3), and that the plaintiff satisfied the other factors required for relief under that Rule. We therefore hold that the district court abused its discretion in denying the plaintiff's request for relief under Rule 60(b)(3). We reverse the district court's ruling, vacate the court's entry of final judgment against the plaintiff, and remand the case to the district court with instructions to award the plaintiff a new trial.

I.

Frank Morgan filed this action in the Southern District of West Virginia against J.D. Tincher, who at that time was an officer with the Logan Police Department (the police department) in West Virginia.[1] In his complaint, Morgan alleged claims under 42 U.S.C.

---

[1] Morgan also named an additional defendant in the complaint, Officer Kevin Conley. The jury found Officer Conley not liable, and he is not a party to this appeal. In addition, Morgan initially named other defendants and raised other claims in his complaint, which later were dismissed and are not relevant here. Finally, Officers Tincher and Conley filed counterclaims against Morgan, which are not at issue in this appeal.

3

§ 1983 for use of excessive force in violation of the Fourth Amendment and "failure to provide timely medical care," as well as state law claims for assault, battery, intentional infliction of emotional distress, and negligence. Morgan asserted that Officer Tincher struck Morgan several times with a police baton without cause during his arrest on a public street. He further asserted that in a private room at the police station, Officer Tincher injured Morgan while he was restrained in handcuffs. Morgan alleged that Officer Tincher used his hands, feet, and a metal pipe to strike Morgan. Morgan allegedly suffered serious injuries from these beatings, including a head wound requiring seven staples, a broken arm, and a kidney injury. Officer Tincher filed an answer denying the allegations in Morgan's complaint. He later asserted that Morgan had resisted arrest and that, while at the police station, Morgan had fallen and had hit his head.

Well before trial, but ten days after the deadline established by the district court's scheduling order, Morgan submitted discovery requests to Officer Tincher. As relevant to the present appeal, Morgan asked Officer Tincher in the interrogatories to disclose any allegation that had been made against Tincher "by any person" while Tincher was employed with the police department, as well as "all litigation," excluding domestic matters, in which Tincher was a named party, including "the allegations, the nature of the case and the outcome." Morgan also requested any documents relating to "any lawsuits" against Officer Tincher or "claims of excessive physical abuse" or "physical assault" while he was employed by the police department.

Without objecting to the untimeliness of Morgan's discovery requests, Officer Tincher responded to the interrogatories and other requests. In his response, he disclosed

4

one prior "allegation" of excessive force made against him by a suspect named Anthony Meade, who had alleged that Officer Tincher unjustifiably kicked Meade in the head while arresting him. Officer Tincher did not disclose that any lawsuits had been filed against him.

Before trial, Morgan learned that Meade had filed a civil lawsuit against Officer Tincher before Morgan served his discovery requests (the *Meade* lawsuit). Citing Federal Rule of Evidence 404(b), Morgan filed a notice of intent to introduce at trial the "prior bad act" evidence from the *Meade* lawsuit.

The case proceeded to a four-day jury trial, in which the district court permitted Morgan's counsel to examine Meade about his lawsuit against Officer Tincher.[2] In addition, Morgan's counsel questioned Officer Tincher about whether he had been interviewed by the police chief regarding "any malfeasance" during the time period at issue. Officer Tincher responded, "I don't believe so, sir. I'm not a trouble maker." Morgan's counsel continued questioning Officer Tincher:

> Q: Anthony Meade, he has a lawsuit pending against you, as well, correct?
> A: No, sir.
> Q: No?
> A: No, sir.
> Q: So, you're not a defendant in a lawsuit?
> A: No, sir. It's been – his lawyers dropped it.

After Morgan finished presenting his evidence, he learned from a third party about yet another lawsuit against Officer Tincher, which was filed two months before Morgan's

---

[2] Only a select portion of the trial was transcribed, and Meade's testimony was not included in that transcription.

trial, that Tincher had not disclosed. An individual named Travis Fortune had filed a complaint against Officer Tincher in the Southern District of West Virginia alleging a similar claim that Tincher used excessive force while arresting Fortune (the *Fortune* lawsuit). In Fortune's complaint, he alleged that Officer Tincher punched him in the face without provocation and, after Fortune fell to the ground, Tincher repeatedly punched Fortune with closed fists. Fortune also alleged that Officer Tincher physically assaulted him at the police station while Fortune was restrained in handcuffs.[3] As a result of this encounter, Fortune suffered multiple fractures to his jaw, which required surgery.

Notably, the attorney representing Officer Tincher in the *Fortune* lawsuit also represented Tincher in the *Meade* lawsuit and in the present case. However, after Morgan's counsel alerted the district court about the pending *Fortune* lawsuit, Officer Tincher's counsel responded that Tincher had "been sued [by Fortune] after this lawsuit [commenced] . . . I don't understand." The district court stated to Officer Tincher's counsel:

> [D]on't give me that look because you have a duty to supplement [discovery responses] . . . . We're not going to stop this trial right now because of this. We're going to continue on. . . . This might not go well for you if [Morgan's counsel] can demonstrate that he requested this information[,] and you didn't provide it. You're on notice of that. But we're not going to deal with it today.

---

[3] In December 2021, the parties to the *Fortune* lawsuit entered a settlement agreement.

6

Morgan asked the district court to recall Officer Tincher as a witness to question him about the *Fortune* lawsuit. The court did not rule on this request but advised Morgan to file a pleading addressing the issue.

The next morning, Morgan filed a motion for sanctions based on Officer Tincher's failure to supplement discovery with information about the *Fortune* lawsuit. Morgan cited Federal Rule of Civil Procedure 26(e), which provides that a party who has responded to an interrogatory or other discovery request "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). In addition to seeking sanctions for this discovery violation, Morgan asked that the *Fortune* lawsuit "be addressed at [t]rial. [Officer] Tincher is still present[,] and he can testify to the Fortune allegations." That same morning, Morgan's counsel advised the district court that the motion had been filed.

Later that day, Officer Tincher filed his response arguing that Morgan was required, but had failed, to confer with opposing counsel about the discovery dispute before seeking the court's intervention.[4] Officer Tincher further argued that his counsel's failure to disclose the *Fortune* lawsuit was "simple oversight and harmless."

---

[4] Morgan filed his motion for sanctions citing Federal Rule of Civil Procedure 11, which Rule Officer Tincher argued was inapplicable and "does not apply to disclosures and discovery requests . . . under Rule[] 26." Fed. R. Civ. P. 11(c)(2). He argued that, instead, Morgan should have cited Federal Rule of Civil Procedure 37, which addresses sanctions for discovery violations.

The district court did not address the sanctions motion or Morgan's request to question Officer Tincher about the *Fortune* lawsuit before the jury reached its verdict in favor of Tincher. On August 4, 2020, the district court entered final judgment for Officer Tincher.

By September 2020, when the district court had not ruled on the motion for sanctions, Morgan timely filed a motion for relief from judgment. He asked for a new trial under Federal Rule of Civil Procedure 60(b), arguing in relevant part that he was entitled to relief under Rule 60(b)(3) based on "fraud . . . , misrepresentation, or misconduct by an opposing party."[5] Fed. R. Civ. P. 60(b)(3).

In March 2021, the district court denied Morgan's motion for sanctions. Six months later, in September 2021, the district court denied Morgan's motion filed under Rule 60(b), the decision that we address here.

II.

A.

We review a district court's denial of a Rule 60(b)(3) motion for abuse of discretion. *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014) (en banc). A court "abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or

---

[5] Morgan also argued that Rule 60(b)(2) applied regarding newly discovered evidence, and that Rule 60(b)(6) applied for another "reason that justifies relief." Because we conclude that Morgan was entitled to relief under Rule 60(b)(3), we do not address these alternative bases for relief.

legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (citation omitted).

Rule 60(b)(3) states that a court "may relieve a party" from a "final judgment, order, or proceeding" for "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed R. Civ. P. 60(b)(3). In reviewing a request for such relief, a court does not assess the merits of a judgment, but instead focuses on whether the judgment was procured by unfair means. *Barlow*, 772 F.3d at 1010 (citing *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (explaining that a motion under Rule 60(b)(3) does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity" of the proceedings).

To obtain relief under Rule 60(b)(3) for "misconduct," the basis for the motion at issue here, the moving party must: (1) "have a meritorious [claim or] defense"; (2) demonstrate misconduct by clear and convincing evidence, and (3) show that "the misconduct prevented the moving party from fully presenting its case." *Schultz*, 24 F.3d at 630. After those factors are satisfied, the court must weigh the competing policy considerations regarding (1) the finality of judgments, and (2) justice being done, in the context of all the facts, to determine in the court's discretion whether relief under the Rule is appropriate in a given case. *See id.*; *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).

In the present case, in addressing the issue whether Officer Tincher engaged in misconduct, the district court acknowledged that a party's failure to produce "obviously pertinent requested discovery material in its possession" qualifies as misconduct under

9

Rule 60(b)(3). *Schultz*, 24 F.3d at 630. Nonetheless, the court held that because Morgan submitted his discovery requests after the district court's deadline, Morgan had not submitted a "proper" discovery request. Thus, the court concluded that Officer Tincher was relieved from the duty to supplement his discovery responses under Rule 26(e) and had not engaged in "misconduct" under Rule 60(b)(3).

Turning to the issues whether Morgan presented a meritorious claim and whether Officer Tincher's failure to supplement his discovery responses prevented Morgan from fully presenting his case, the district court concluded that Morgan did not satisfy these factors because the jury was not persuaded by Morgan's evidence regarding the *Meade* lawsuit and had found in favor of Officer Tincher. Finally, the district court held that, even if Morgan had satisfied the Rule 60(b)(3) factors, he had failed to show that any misconduct by Officer Tincher overcame "the favor" accorded finality of judgments. The court further explained that Morgan did not suffer any "real prejudice," because he had not demonstrated that evidence from the *Fortune* lawsuit likely would have changed the jury's verdict. Thus, the district court denied Morgan relief under Rule 60(b)(3).

## B.

On appeal, Morgan challenges each aspect of the district court's analysis. Relying on *Schultz v. Butcher*, 24 F.3d 626 (4th Cir. 1994), Morgan first argues that Officer Tincher's failure to disclose evidence of the *Fortune* lawsuit was a discovery violation under Rule 26(e) and, thus, was misconduct under Rule 60(b)(3). According to Morgan, when Officer Tincher failed to object to the timeliness of the discovery requests before answering them, he forfeited any objection on that ground under Federal Rule of Civil

Procedure 33(b)(4). *See* Fed. R. Civ. P. 33(b)(4) (explaining that any ground not stated in timely objection is waived unless the court, for good cause, excuses the failure).

Morgan further argues that he had a "meritorious claim[]" against Officer Tincher and was prevented from fully presenting his case due to the discovery violation. Addressing the probative value of the allegations underlying the *Fortune* lawsuit, Morgan observes that he and Fortune both alleged that Officer Tincher used excessive force against them in public and private settings, including while they were restrained in handcuffs, and that both men sustained serious injuries resulting from Tincher's alleged conduct. Morgan explains that when questioned under oath at his trial, however, Officer Tincher "denied any other reported incidents" of excessive force other than the conduct underlying the *Meade* lawsuit.

In response to Morgan's arguments here, Officer Tincher first contends that he did not engage in misconduct under Rule 60(b)(3). Focusing on the untimely nature of Morgan's discovery request, and, without citation to any authority, Officer Tincher contends that Morgan's request was "improper," thus relieving Tincher of any duty under Rule 26(e) to supplement his disclosures with information about the *Fortune* lawsuit. Officer Tincher also asserts that the district court correctly held that because the jury was "not swayed" by evidence regarding the *Meade* lawsuit, the *Fortune* lawsuit did not qualify as a meritorious claim or demonstrate Morgan's inability to fully present his case. Addressing the balancing factors of unfairness and of the interest in finality of judgments, Officer Tincher argues that the district court viewed Morgan's "direct evidence of liability [as] weak," and that evidence of the *Fortune* lawsuit would not have changed the jury's

11

verdict. Finally, according to Officer Tincher, Morgan's motion under Rule 60(b)(3) was "an improper substitute for a direct appeal" of the final judgment in Tincher's favor. We disagree with Officer Tincher's arguments.

Before addressing the parties' arguments, we describe our decision in *Schultz*, which involved a Rule 60(b)(3) motion based on a discovery violation and which informs our analysis here. 24 F.3d 626. In *Schultz*, the plaintiff was injured while riding in a small boat that crossed the wake of a large vessel. *Id.* at 628. The plaintiff filed a civil lawsuit seeking damages against both the operator of the small boat and the operator of the large vessel. *Id.* During discovery, the plaintiff failed to disclose knowledge of a Coast Guard report in which an official had concluded that (1) there was no evidence that the large vessel had been speeding, and (2) the operator of the small boat likely caused the injuries. *Id.* at 629. Based on other evidence presented, the district court found that the large vessel's speed caused the plaintiff's injury. *Id.*

The district court in *Schultz* denied a motion under Rule 60(b)(3) filed by the operator of the large vessel, holding that the undisclosed document "would not have changed the court's finding as to the liability of [the defendants]." *Id.* at 630. We reversed, holding that the district court abused its discretion in denying the Rule 60(b)(3) motion and that a new trial was required. *Id.* at 632.

We concluded that the plaintiff's failure to produce the requested, clearly pertinent discovery material was misconduct under Rule 60(b)(3), irrespective whether that failure was inadvertent or intentional. *Id.* at 630 (citing *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) (failure to produce discovery material can constitute Rule 60(b)(3)

12

misconduct)); *Square Constr.*, 657 F.2d at 71 (same).  We observed that the large vessel operator had presented a "meritorious defense" that the operator of the small boat was responsible for the plaintiff's injuries, and that the district court had agreed that the case presented a close question.  *Schultz*, 24 F.3d at 630.  We also explained that the Coast Guard report "would have helped" the large vessel's operator to "bolster its defense," because the report implicated the small boat's operator and exonerated the operator of the large vessel.  *Id.*

Although we acknowledged the importance of finality of judgments, we held that "the fairness and integrity" of the fact-finding process "is of greater concern and a party's failure to produce a requested document so favorable to [another party] impedes that process and requires redress in the form of a new trial." *Id*. at 630-31.  And, critically, we explained that the undisclosed evidence need not be "result altering" to warrant a new trial under Rule 60(b)(3).  *Id.* at 631.

With these principles in mind, we turn to consider whether Morgan satisfied the factors necessary to obtain relief under Rule 60(b)(3), namely, a showing (1) by clear and convincing evidence that Officer Tincher had engaged in misconduct, (2) that Morgan had a meritorious claim, (3) that Morgan was unable to fully present his case, and (4) that the interest of justice outweighed the interest in the finality of judgments.  *See Schultz*, 24 F.3d at 630.  We address each of these requirements in turn.

We first conclude that Morgan established misconduct by clear and convincing evidence based on Officer Tincher's failure to disclose evidence of the *Fortune* lawsuit. Morgan's interrogatories and request for documents made clear that he was seeking

13

disclosure of any lawsuit in which Officer Tincher was a named party. As explained above, Rule 26(e) requires a party who has responded to a discovery request to "supplement or correct" its response in "a timely manner . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1). Thus, Officer Tincher was required to supplement his discovery responses when, six months after his initial discovery response and two months before Morgan's trial, the *Fortune* lawsuit was filed against Officer Tincher.

Nothing in Rule 26(e) relieves a party from the obligation to supplement that party's discovery responses on the basis that the original discovery request was untimely. Here, Officer Tincher forfeited any timeliness objection regarding Morgan's discovery request by failing to raise such an objection before responding to the request. Under Rule 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity," and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Although Officer Tincher raised other objections to Morgan's interrogatories, he did not assert that the requests were untimely. Further, the district court did not make a finding of good cause that would have excused Officer Tincher's failure to raise this objection. Thus, we conclude that Officer Tincher's failure to disclose evidence of the *Fortune* lawsuit, irrespective whether that failure was inadvertent or intentional, was misconduct under Rule 60(b)(3). *See Schultz*, 24 F.3d at 630-31.

We next conclude that the district court misconstrued the requirements under Rule 60(b)(3) regarding whether Morgan presented a meritorious claim and was denied the

14

opportunity to fully present his case. *See id.* at 630. As we have explained, the proper inquiry under Rule 60(b)(3) is whether the judgment was "unfairly procured" based on the withholding of discoverable material, and not whether the undisclosed material would have changed the outcome of the trial. *Schultz*, 24 F.3d at 631 (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 n.10 (1st Cir. 1988)); *see also Barlow*, 772 F.3d at 1010.

Initially, we observe that Morgan's claims against Officer Tincher proceeded to verdict in a jury trial and, thus, were not plainly without merit or subject to judgment as a matter of law in Officer Tincher's favor. *See Square Constr.*, 657 F.2d at 71 (describing this factor as a "threshold matter"). In addition, we easily conclude that evidence of the *Fortune* lawsuit "would have helped" strengthen Morgan's arguments before the jury. *Schultz*, 24 F.3d at 630. Not only did the *Fortune* lawsuit represent a third claim of excessive force against Officer Tincher, but the allegations regarding Tincher's actions against Fortune were strikingly similar to Morgan's own allegations against Tincher.

Each plaintiff asserted that Officer Tincher assaulted him without justification while arresting him in a public place. Each plaintiff also alleged that Officer Tincher assaulted the plaintiff and caused him serious injuries while restrained in handcuffs in a private location. Although Morgan presented evidence of the *Meade* lawsuit involving similar misconduct by Officer Tincher, we conclude that the yet additional evidence of Tincher's allegedly assaultive behavior plainly would have strengthened Morgan's case against Tincher. Thus, Morgan's inability to present evidence regarding the *Fortune* lawsuit, an "obviously pertinent requested discovery material," interfered with Morgan's ability to "fully present[]" his case against Officer Tincher. *Id.*

15

Finally, we have little trouble concluding that the last step in the Rule 60(b)(3) analysis, balancing the consideration of finality of judgments against the consideration of fairness and integrity of the fact-finding process, weighed in Morgan's favor. Not only did Officer Tincher's failure to produce evidence of the *Fortune* lawsuit impede the pursuit of "justice," *see Square Constr.*, 657 F.2d at 71, but his misconduct may have led to the presentation of false testimony as well. After assuring the jury that he was not a "trouble maker," Officer Tincher stated that he was not a defendant in a lawsuit, even though the *Fortune* lawsuit was pending at that time. *See Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996) (addressing "fraud" under Rule 60(b)(3) and explaining that counsel's failure to disclose a statement made by a driver who had fallen asleep before an accident led to "the even worse sin of knowingly putting on [] false testimony," when the driver testified that he had swerved his car to avoid hitting a deer). Thus, in consideration of the full circumstances of this case, we hold that the district court abused its discretion in denying relief under Rule 60(b)(3). *See Barlow*, 772 F.3d at 1007.

Our conclusion is not altered by Officer Tincher's assertion that Morgan's motion under Rule 60(b)(3) was an "an improper substitute for a direct appeal" of the final judgment. Although a party may not use Rule 60(b) as a means to reconsider "legal issues already addressed in an earlier ruling," *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995), the district court did not rule on Morgan's request to question Officer Tincher about the *Fortune* lawsuit before the court entered its final

16

judgment.[6] Morgan timely complied with the district court's request that he file a motion regarding Officer Tincher's failure to disclose the matter of the *Fortune* lawsuit and, after doing so, advised the court orally of the motion. The court, however, did not rule on Morgan's motion until eight months later, long after the 30-day period for filing a notice of appeal. Accordingly, we conclude that Morgan's motion under Rule 60(b)(3) was not an improper attempt to relitigate a matter already decided by the district court but was a proper vehicle for raising his challenge of litigation misconduct. *See id.* at 401.

In sum, we hold that Officer Tincher forfeited any objection to Morgan's untimely discovery request and that, therefore, the district court erred in holding that Morgan failed to show by clear and convincing evidence that Tincher's discovery violation qualified as misconduct. We further hold that the district court erred in requiring Morgan to show that the undisclosed evidence would have changed the trial outcome in order to demonstrate the meritorious nature of his claim and his inability to fully present his case. *See Schultz*, 24 F.3d at 628-31. Finally, we hold that the district court abused its discretion in concluding that the consideration of finality outweighed the consideration of the interests of justice, and in denying Morgan's motion for relief from judgment under Rule 60(b)(3). *See id.* at 630-31.

---

[6] *See also Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) ("[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal."); *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) (explaining that when a Rule 60(b) motion is "nothing more than a request that the district court change its mind," it is not authorized); *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam) ("A Rule 60(b) motion may not substitute for a timely appeal.").

III.

For these reasons, we reverse the district court's decision denying Morgan's motion for relief under Rule 60(b)(3), vacate the final judgment entered in favor of Officer Tincher, and remand the case to the district court with instructions to allow for a reasonable period of additional discovery before conducting a new trial.

*REVERSED, VACATED, AND*
*REMANDED WITH INSTRUCTIONS*