**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1539

UNITED STATES OF AMERICA; STATE OF NORTH CAROLINA,

Plaintiffs - Appellees,

v.

DR. IBRAHIM N. OUDEH; TERESA SLOAN-OUDEH; IBRAHIM N. OUDEH, M.D., P.A.,

Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cv-00009-D)

Submitted:  February 27, 2025                    Decided:  May 19, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brenton D. Adams, BRENT ADAMS & ASSOCIATES, Dunn, North Carolina, for Appellants.  Michael F. Easley, Jr., United States Attorney, Neal Fowler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Ibrahim N. Oudeh, Teresa Sloan-Oudeh, and Ibrahim N. Oudeh, M.D., P.A. ("the Oudehs"), appeal the district court's order denying their amended motion under Fed. R. Civ. P. 60(b)(3)-(4), (6) to set aside a previously-entered consent judgment, declining to set aside the judgment under Fed. R. Civ. P. 60(d)(3), and denying their motion for post-judgment discovery. We review a district court's denial of a Rule 60(b)(4) motion de novo, *FTC v. Ross*, 74 F.4th 186, 190 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024), and its denial of a Rule 60(b)(3) or 60(b)(6) motion for abuse of discretion, *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024); *Ross*, 74 F.4th at 190. To prevail under Rule 60(b), "a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (cleaned up). Once a party satisfies this threshold showing, she must then show that she is entitled to relief under one of the six subsections of Rule 60(b). *Id.* at 105-06. The district court's decision not to set aside the consent judgment under Rule 60(d)(3) is an issue we review de novo. *Fox ex rel. Fox v. Elk Run Coal Co., Inc.*, 739 F.3d 131, 135 (4th Cir. 2014). We review for abuse of discretion the district court's denial of the Oudehs' motion for post-judgment discovery. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019).

Upon review of the record and the parties' briefs, we discern no abuse of discretion or other reversible error in the district court's denial of the Oudehs' amended motion to set aside, no reversible error in the court's decision not to set aside the consent judgment under Rule 60(d)(3), and no abuse of discretion in the court's denial of the Oudehs' motion for

2

post-judgment discovery. Accordingly, we affirm the district court's order. *United States v. Oudeh*, No. 5:18-cv-00009-D (E.D.N.C. Apr. 25, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*